<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON DAVIS, | Civil Action No. 14-2815 (FSH) |
| Plaintiff, | |
| v. | OPINION |
| SHERRY YATES, et al., | |
| Defendants. | |

**APPEARANCES**:

    Jason Davis
    No. 208
    Special Treatment Unit, Annex
    P.O. Box 905
    Avenel, NJ 07001-0905
    Plaintiff *Pro Se*

<u>**HOCHBERG, District Judge**</u>:

    Plaintiff Jason Davis, an involuntarily committed person detained pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24, *et seq*., seeks to bring this action *in forma pauperis* alleging violations of his constitutional rights while confined at the Special Treatment Unit, Annex at Avenel. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from the Complaint and are accepted only for purposes of this screening.  The Court has made no findings as to the veracity of Plaintiff's allegations.  Plaintiff brings this civil action, pursuant to 42 U.S.C. § 1983, against Sherry Yates, Administrator of the Special Treatment Unit, Annex at Avenel (hereinafter referred to as "STU") and Sara Davis, the Assistant Administrator of the STU.  Compl., ¶¶ 5, 6.  Plaintiff alleges that "infrastructure repairs at the STU are neither timely nor properly effectuated."  *Id*., ¶ 10.  Plaintiffs allegations include: (1) that broken appliances are not repaired or replaced properly, (2) that there is an ongoing leak in several areas of the facility ceiling, (3) that the dormitory bathrooms are not maintained properly, (4) that he suffers from breathing difficulties stemming from the alleged conditions, and (5) that the heating and cooling system is not maintained properly.  *Id*., ¶¶ 10-25.  Plaintiff further states that over the course of his eleven year incarceration at the facility, complaints regarding the conditions, submitted through STU's Remedy System & Request Forms, have remained unanswered.  *Id*., ¶ 26.  Plaintiff states generally that Defendants Yates and Davis are "personally aware" of the concerns regarding conditions at the facility but have taken no actions with respect to providing a remedy.  *Id*., ¶ 28.

## II.  STANDARD OF REVIEW

**A.  Standard for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the United States Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

B. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III.  DISCUSSION

Plaintiff is a civilly committed sexually violent predator ("SVP") under the New Jersey Sexually Violent Predator Act ("SVPA"), *N.J.S.A.* 30:4-27.24, *et seq*. As a civilly committed person, the Fourteenth Amendment's Due Process Clause applies with respect to Plaintiff's conditions of confinement claim. *See Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982) ("Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

Generally, the Fourteenth Amendment requires that civilly committed persons not be subjected to conditions that amount to punishment, *Bell*, 441 U.S. at 536, within the bounds of

professional discretion, *Youngberg*, 457 U.S. at 321–22.  Specifically, in *Youngberg*, the Supreme Court held that civilly committed persons do have constitutionally protected interests, but that these rights must be balanced against the reasons put forth by the State for restricting their liberties.  *Id*. at 307.  The Constitution is not concerned with *de minimis* restrictions on patients' liberties.  *Id*. at 320.  Moreover, "due process requires that the conditions and duration of confinement [for civilly confined persons] bear some reasonable relation to the purpose for which persons are committed."  *Seling v. Young*, 531 U.S. 250, 265 (2001).  While the nature of an SVP's confinement may factor in this balance of what is reasonable, it is clearly established that the substantive due process protections of the Fourteenth Amendment apply to SVPs.  *See Andrews v. Neer*, 253 F.3d 1052, 1061 (8th Cir. 2001) (applying the Fourteenth Amendment's "objective reasonableness" standard to excessive force claims brought by civilly committed SVPs).

Under a Fourteenth Amendment conditions of confinement claim as asserted here by Plaintiff, "the proper inquiry is whether those conditions [at issue] amount to punishment of the detainee."  *Bell*, 441 U.S. at 535.  *Bell* established a two-prong standard for determining whether conditions of confinement violate Due Process: whether the questioned "restrictions and practices" (1) "are rationally related to a legitimate nonpunitive governmental purpose[,]" and (2) "whether they appear excessive in relation to that purpose."  *Id*. at 561.  The first prong of the *Bell* analysis requires a two-part inquiry, analyzing "first, whether any legitimate purposes are served by [the] conditions [of confinement], and second, whether these conditions are rationally related to these purposes."  *Hubbard v. Taylor*, 399 F.3d 150, 159 (3d Cir. 2005).

"In assessing whether the conditions are reasonably related to the assigned purposes, [a court] must further inquire as to whether these conditions cause [inmates] to endure [such] genuine privations and hardship over an extended period of time that the adverse conditions become excessive in relation to the purposes assigned to them." *Hubbard*, 399 F.3d at 159 (quoting *Union County Jail Inmates v. DiBuono*, 713 F.2d 984, 992 (3d Cir.1983)).

The Complaint alleges generally that in the course of more than a decade, Plaintiff has been incarcerated in the STU during which time certain conditions of the facility have not been kept to constitutional standards. In this Circuit, the test in *Bell* governs detainees' non-medical conditions of confinement claim, *see Hubbard v. Taylor*, 538 F.3d 229, 231-32 (3d Cir. 2008), while detainees' denial of medical care claims are governed by *Bell*'s due process standard, which is at least as protective as the deliberate indifference standard of the Eighth Amendment. *See A.M. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 584 (3d Cir. 2004); *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998). A due process violation of the Fourteenth Amendment occurs when the conditions of confinement amount to punishment imposed without an adjudication of guilt. *See Bell*, 441 U.S. at 537.

Plaintiff's allegations are void of facts showing that Defendants ignored the alleged problems with the conditions in STU. Plaintiff's displeasure with the methods used by maintenance workers to address certain problems, including leaks and difficulties with the heating and cooling system, is not actionable – there are no facts indicating the Defendants acted with a culpable state of mind, and there is nothing in the Complaint to reject the notion that the means of repair and maintenance at the facility do not serve legitimate penological goals of prison administration and prison economy. The Court finds that the conditions alleged here do not

amount to punishment of Plaintiff. Thus, the allegations in Plaintiff's Complaint fail to state a claim of constitutional magnitude.

Furthermore, the Court acknowledges that Plaintiff states he has filed grievances related to the issues complained of here but that his grievances have remained unanswered. The Court notes that there is no right to compel an investigation of – or response to – an inmate's grievance, since "the state creation of such a procedure does not create any federal constitutional rights." *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997).[2]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint will be dismissed without prejudice.[3] An appropriate Order follows.

s/ Faith S. Hochberg

---

[2] A failure to respond to grievances "does not violate his rights to due process and is not actionable." *Stringer v. Bureau of Prisons*, 145 F. App'x 751, 753 (3d Cir. 2005) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).

[3] Because Plaintiff may be able to overcome the deficiencies in his Complaint, the Court grants him leave to amend within thirty (30) days of receipt of the Order accompanying this Opinion. If Plaintiff chooses to amend,

> Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

*Johnson v. Bondiskey*, Civil Action No. 11-3836, 2011 WL 3236519, *5 (D.N.J. Jul. 27, 2011).

                FAITH S. HOCHBERG, U.S.D.J.

DATED: September 29, 2014